# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON MITCHELL,<br><br>    Petitioner,<br><br>  v.<br><br>FELIPE MARTINEZ, JR., Warden,<br><br>    Respondent. | Case No. 2:20-cv-02810-JFW-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("Report and Recommendation" ("R&R")).

  The Court also has reviewed Petitioner's objections to the R&R, which the Court received and filed on August 14, 2020 ("Objections"), as well as Respondent's August 28, 2020 Response to the Objections ("Response"). (Objs., ECF No. 15; Response, ECF No. 16.)

  As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which Petitioner specifically has objected.

///

Petitioner first argues that the Magistrate Judge misconstrued the facts of the case and the relief that Petitioner now seeks. (Objs., at 1–2.) However, the Magistrate Judge acknowledged the relief Petitioner seeks, as follows:

> Petitioner filed an Opposition, arguing that the Petition continues to present a live controversy because the BOP's mistake prevented him from participating in RDAP and earning a further sentence reduction. (Opposition, at 2–4.) Petitioner argues that although acceptance into the program is discretionary, the BOP had refused to exercise its discretion in his case because he was not within three years of his initial 2027 release date. (*Id.*, at 4–7.) Petitioner requests to be released on July 28, 2020 as a remedy, asserting that he would have been eligible for release on that date if he had completed RDAP. (*Id.*, at 8–10.)

(R&R, at 4.)

As part of this first argument, Petitioner states that he "is not asking the Court to order the BOP to accept Petitioner into RDAP or to award him a sentence reduction upon completion of RDAP." (Objs., at 2 (internal quotation marks omitted)). However, the Magistrate Judge did not state that Petitioner currently seeks admission to the RDAP, but rather reasoned that because this Court lacks jurisdiction to order Petitioner's admission into RDAP or to order a sentence reduction in the event Petitioner completed RDAP, it also lacks jurisdiction to reduce Petitioner's sentence based on the BOP's failure to admit him into RDAP. (*Id.*, at 6.)

Petitioner next asserts that he is entitled to a sentence reduction in this case "[b]ecause it 'is a cardinal principle of American jurisprudence that for every wrong there is a remedy[.]'" (Objs., at 2 (quoting *In re Jim Nolker Chevrolet-Buick-Oldsmobile, Inc.*, 120 B.R. 20, 22 (1990))). However, this general principle

1  does not change the fact that the Court lacks jurisdiction to order the particular
2  remedy Petitioner seeks in this case.

3      Petitioner also reiterates an argument he first raised in his Opposition to the
4  Motion to Dismiss: that the BOP did not exercise its discretion in denying
5  Petitioner admission to RDAP, but rather determined that he was ineligible for the
6  program based on the BOP's prior miscalculation of his sentence. (Objs., at 2.)
7  Although this may be factually correct, it does not change the result: because the
8  nature of the decision Petitioner challenges is an individualized and discretionary
9  one, this Court lacks jurisdiction to order the requested relief. *See Reeb v. Thomas*,
10  636 F.3d 1224, 1227 (9th Cir. 2004) ("[A]ny substantive decision by the BOP to
11  admit a particular prisoner unto RDAP, or to grant or deny a sentence reduction for
12  completion of the program, is not reviewable by the district court.")

13      Next, Petitioner cites two Ninth Circuit cases and one District of Oregon case
14  for the proposition that this Court has jurisdiction to review a certain subset of
15  claims involving allegations that the BOP has exceeded its statutory authority or
16  violated the United States Constitution. (Objs., at 2–3.) However, the cases
17  Petitioner cites in his Objections are distinguishable from his case, which involves
18  an individualized and discretionary RDAP determination, and thus do not persuade
19  this Court that the Magistrate Judge erred in finding Petitioner's claim to be
20  foreclosed by *Reeb*.[1]

21      In *Moore v. Winn*, 698 F. App'x 485 (9th Cir. 2017) (summary order), the
22  Ninth Circuit remanded for the district court to determine in the first instance
23  whether judicial review of the BOP's determination was foreclosed under 18 U.S.C.

---

[1] The District of Oregon case Petitioner cites, *Cozine v. Crabtree*, 15 F.Supp.2d 997 (D. Or. 1998), lends support to this Court's jurisdiction to review Petitioner's initial claim that the BOP erred in calculating his sentence. *See Cozine*, 15 F.Supp.2d at 1015. However, *Cozine* is no longer relevant, as the BOP now has corrected its calculation of Petitioner's sentence, and *Cozine* did not involve admission into RDAP or any similar BOP program. *See Reeb*, 636 F.3d at 1228 n.3 (distinguishing *Cozine*).

§ 3625. *Moore*, 698 F. App'x at 486. In *Rodriguez v. Copenhaver*, 823 F.3d 1238 (9th Cir. 2016), the Ninth Circuit held that the district court had jurisdiction to review whether the BOP violated 18 U.S.C. § 3621(b)(4) ("Section 3621(b)(4)") and constitutional due process when it considered a recused judge's letter in assigning petitioner's location of confinement. *Rodriguez*, 823 F.3d at 1242. As the Ninth Circuit discussed, Section 3621(b)(4) directs the BOP to consider certain factors when designating a prisoner's facility of confinement, including statements from the sentencing court. *Id.* at 1242. In *Rodriguez*, the BOP's consideration of a letter from a recused judge, rather than the sentencing judge, directly violated that statutory provision. *Id.* at 1243. The Ninth Circuit also held that the BOP's consideration of the letter violated due process, noting that the judge who submitted the letter had recused himself because he was a colleague of one Rodriguez's victims. *Id.*

Here, Petitioner is not raising a claim under Section 3621(b)(4), but rather is arguing that the BOP erred in excluding him from the RDAP program—a claim which is squarely foreclosed by *Reeb*. *See Reeb*, 636 F.3d at 1228 ("Accordingly, we hold that federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621, such as Reeb's claim herein. Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, Reeb's habeas petition alleges only that the BOP erred in his particular case."); *see also Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011) (distinguishing *Reeb* and finding that the district court had jurisdiction where a group of petitioners challenged "the system that BOP uses to rank all RDAP-eligible inmates on the RDAP wait list" as exceeding the BOP's statutory authority).

///

In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: September 16, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE